## Klosterman et ux. v. Clark et al.

*Freedman, Landy & Lorry,* for plaintiff.
*Joseph W. Swain, Jr.,* for defendant Clark.
*John J. McDevitt, 3rd,* for defendant Cadwalader.

MACNEILLE, P. J., November 5, 1951.—We are considering plaintiffs' petition for discovery under rules 4007 and 4009 of the Pennsylvania Rules of Civil Procedure. Plaintiffs instituted an action in trespass to

recover damages for personal injuries sustained by wife-plaintiff as a result of falling upon the sidewalk of premises leased and owned by defendants. Plaintiffs now seek to take oral depositions of defendants to ascertain certain facts as to the possible manner in which the sidewalk became defective; specifically, plaintiffs wish to interrogate defendants as to the removal of a certain tree which may have left the depression in the sidewalk which caused the injury. Defendants contend that plaintiffs failed to allege any facts in their complaint as to such tree; that any facts as to removal of the tree are irrelevant. We conclude that, if the removal of the tree caused the depression, the date of such removal is pertinent to the question of notice, and the manner of leveling the depression is pertinent to the question of due care.

We shall not delay disposition of this matter with an analysis of relevancy, since we are primarily interested in setting forth our views as to the new discovery rules. We are of the opinion that the new rules are to receive a liberal usage in the trial courts so that the bench and bar may preview their effect upon our trial procedures. We cannot ignore the history of these rules whereby the tentative drafts submitted to the bench and bar became increasingly more liberal until they reached their present form. It should be apparent that determinations of irrelevancy are not to be loosely made upon the assumption that by possibility an answer may be irrelevant. Most of such decisions will abide the trial and rulings at that time.

Defendants suggest that, since certain facts are set forth in the complaint, they must already be within plaintiffs' knowledge. It is not to be presumed that, because a complaint or answer sets forth a cause of action or defense, no inquiry may be made as to the facts averred. Averments made on information and

belief may be provable by facts within the possession of the opposing party. It is the design of the discovery rules that pertinent facts shall be made available before trial.

We may add that it is not our intention to file an opinion in the ordinary course of discovery proceedings; that we shall expect the members of the bar to familiarize themselves with the procedures provided by the rules.

### Order

And now, November 5, 1951, upon presentation of the foregoing petition, defendants, Richard M. Cadwalader and Marcel A. Clark, are ordered to appear for the purposes of oral depositions before a notary public in and for the County of Philadelphia, Commonwealth of Pennsylvania, at 1415 Walnut Street, in the City of Philadelphia, on Friday, November 16, 1951, at 2 o'clock p.m., there to answer such questions as may be put to them in regard to the following subject matter:

1. The date of removal of tree referred to in the plaintiffs' petition.

2. At whose instance the removal was undertaken and made.

3. At whose instance and in what manner arrangements were made to fill in the depression caused by removal of the tree.

4. The extent of the supervision exercised over the aforementioned repairs.

5. The date the lease extant on October 8, 1948, commenced and any former periods of leasehold between defendants or their predecessors in interest.

6. Knowledge and/or notice of the alleged defective condition to defendants.

7. The present address and whereabouts of defendant Marcel A. Clark.

Defendants are further ordered to bring with them for purposes of inspection and copying by petitioners or their representative the leases referred to in the petition.